NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____
:
DANIEL ZEMEL, on behalf of himself, and :
all others similarly situated, :
 : Civil Action No. 16-4064-BRM-DEA
          Plaintiff, :
 :
      v. :
 :
CSC HOLDINGS LLC, :
 : **OPINION**
          Defendant. :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant CSC Holdings, LLC's ("Defendant" or "Cablevision") Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (ECF No. 19.) Plaintiff Daniel Zemel ("Plaintiff") opposes this motion. (ECF No. 26.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED without prejudice**.

**I.    BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). On September 9, 2015, Plaintiff allegedly "began receiving unsolicited text messages to his wireless phone from the short code 608-91," a number allegedly owned by Defendant. (Compl. (ECF No. 1) at ¶ 18.) Plaintiff contends he never consented to receive the text messages and denies any prior relationship with Defendant. (*Id.*) Precisely, three text messages were sent by Defendant and Plaintiff responded to two of the messages. The text messages proceeded as follows:

1

> [Defendant:] Your mobile number was added for Optimum ID joan2325. Send STOP to opt out, HELP for info.
>
> [Plaintiff:] Help
>
> [Defendant:] For fast and easy assistance, please visit optimum.net/support to live chat 24/7. StdMsgChrgsApply.
>
> [Plaintiff:] Stop
>
> [Defendant:] Let us know which messages you wish to stop: Service Alerts-STOP SRVC, Appointment Alerts-STOP APPT

(*Id.* at ¶ 19.) Plaintiff alleges he responded "Help" "[i]n order to ascertain who was sending Plaintiff this nuisance text[.]" (*Id.* at ¶ 20.)

In addition, Plaintiff alleges the "unsolicited text messages . . . were placed via an 'automatic telephone dialing system,' ('ATDS') as defined by 47 U.S.C. § 227(a)(1), which has the capacity to produce or store numbers randomly or sequentially, to dial such numbers, and to place text message calls to Plaintiff's cellular telephone." (*Id.* at ¶ 24.) He further contends the wireless number Defendant messaged was "assigned to a cellular telephone service for which Plaintiff incurred monthly charges pursuant to 477 U.S.C. § 227(b)(1)." (*Id.* at ¶ 25.) Plaintiff asserts the "unsolicited text messages" harmed him and proposed class members "by causing them to incur certain telephone charges for which Plaintiff and the Class members previously paid." (*Id.* at ¶ 33.) Plaintiff also alleges he suffered "actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited text messages." (*Id.* at ¶ 2.)

Accordingly, Plaintiff filed this class action on July 6, 2016, alleging: (1) negligent violations of the TCA (*id.* at ¶¶ 42-47); and (2) knowing and/or willful violations of the TCPA (*id.* at ¶¶ 48-52). Specifically, he alleges:

> Each such text message was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively sent [sic] thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These text messages were made without the prior express consent of Plaintiff and other members of the Class to receive such text messages.

(*Id.* at ¶ 49.)

On September 15, 2016, Defendant sent Plaintiff a proposed consent judgment stating, in relevant part:

> Cablevision has enclosed with this letter a certified check that serves to tender a payment to your client ([Plaintiff]) in the amount of $4,500, which is the maximum amount of damages that he could potentially collect based on the allegations in his complaint of alleged violations of the TCPA. This payment affords [Plaintiff] complete relief. Cablevision will also consent to have judgment entered in [Plaintiff]'s favor in the amount of the check, with the consent judgment also including an injunction against Cablevision's [sic] sending text messages to [Plaintiff]'s cell phone in the future.

(Ex. E to Decl. of James H. Forte (ECF No. 19-7).)

On September 19, 2016, Defendant moved to dismiss all claims, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing Plaintiff cannot state a claim under the TCPA because: (1) Plaintiff lacks Article III standing to bring a TCPA claim; (2) Plaintiff failed to properly plead Defendant used an automatic telephone dialing system ("ATDS") when sending the text messages; and (3) Plaintiff's "claims are moot because Defendant tendered payment affording him complete individual relief." (Def.'s Mot. (ECF No. 19-1) at 29-31.) On October 21, 2016, via letter, Plaintiff rejected Defendant's settlement offer and sent back the check. (Ex. B to Decl. of Aaron Rubin (ECF 26-2).) Subsequently, on October 31, 2016, Plaintiff filed an opposition to the Motion to Dismiss. (ECF No. 26.) This opinion follows.

## II. LEGAL STANDARDS

### a. Rule 12(b)(1)

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "The standing inquiry focuses on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 360 (3d Cir. 2014) (citing *Davis v. FEC*, 554 U.S. 724, 734 (2008)).

A motion to dismiss for lack of standing is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), because standing is a matter of jurisdiction. *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (citing *St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. Virgin Islands*, 218 F. 3d 232, 240 (3d Cir. 2000) ("The issue of standing is jurisdictional."); *Kaufman v. Dreyfus Fund, Inc.*, 434 F. 2d 727, 733 (3d Cir. 1970) ("[W]e must not confuse requirements necessary to state a cause of action . . . with the prerequisites of standing.")).

"Pursuant to Rule 12(b)(1), the Court must accept as true all material allegations set forth in the complaint, and must construe those facts in favor of the nonmoving party." *Ballentine*, 486 F.3d at 810 (citing *Warth v. Seldin,* 422 U.S. 490 (1975); *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir. 2003)). Nevertheless, on a motion to dismiss for lack of standing, the plaintiff "'bears the burden of establishing' the elements of standing, and 'each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.'" *FOCUS v. Allegheny Cty. Court of Common Pleas,* 75 F. 3d 834, 838 (3d Cir.

1996) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992)). However, "general factual allegations of injury resulting from the defendant's conduct may suffice." *Lujan,* 504 U.S. at 561.

Article III "standing consists of three elements." *Spokeo*, 136 S. Ct. at 1547 (quoting *Lujan*, 504 U.S. at 560). To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Id*. (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

As in *Spokeo*, "[t]his case primarily concerns injury in fact, the '[f]irst and foremost' of standing's three elements. *Id.* at 1547 (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 103 (1998)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Id*. (citations omitted). "Particularization is necessary to establish injury in fact, but it is not sufficient. An injury in fact must also be 'concrete.'" *Id*. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." *Id*. (explaining that "[w]hen we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term – 'real,' and not 'abstract.'"). "Concreteness, therefore, is quite different from particularization." *Id*.

In *Spokeo*, the Supreme Court held intangible injuries can be concrete and, under certain circumstances, the risk of real harm can also satisfy the requirement of concreteness. *Id.* at 1549. However, "Article III standing requires a concrete injury even in the context of a statutory

5

violation." *Id*. As such, a plaintiff may "not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. (citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) ("[D]eprivation of a procedural right without some concrete interest that is affected by the deprivation … is insufficient to create Article III standing.")) (additional citation omitted).

### b. Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips* , 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability

requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. DECISION

#### A. Article III Standing

Defendant argues Plaintiff does not have Article III standing to bring a TCPA claim "because he did not suffer a cognizable concrete harm." (ECF 19-1 at 7.) Plaintiff responds by stating he has met the injury-in-fact requirement because he "received the offending unsolicited text messages sent by Defendant" and "[t]he fact that a person received a text message in violated [sic] of the TCPA is enough, on its own, to authorize that person to sue for TCPA violations in federal court." (*Id.* at 11-12).

The Third Circuit has yet to apply *Spokeo* to a TCPA case, and has yet to decide whether a violation of the TCPA means a plaintiff automatically satisfies the injury-in-fact requirement or whether a violation in addition to a conclusory allegation of an injury satisfies the injury-in-fact requirement. There is a split among other courts. *Compare Rogers v. Capital One Bank (USA), N.A.*, 190 F. Supp. 3d 1144, 1147 (N.D. Ga. 2016) (finding "a violation of the TCPA is a concrete injury"), *and Meyer v. Bebe Stores, Inc.*, No. 14-CV-0267-YGR, 2015 WL 431148, at *1-2 (N.D.

Cal. Feb 2, 2015) (finding standing when the plaintiff received a single unsolicited text message from the defendant and alleged an "invasion of privacy"), *with Sartin v. EKF Diagnostics, Inc.*, No. 16-1816, WL 3598297, at *3 (E.D. La. July 5, 2016) (holding "[a]lthough [the plaintiff] has plausibly alleged that defendants violated the TCPA by sending unsolicited fax advertisements, he fails to plead facts demonstrating how this statutory violation caused him concrete harm."), *and Olmos v. Bank of Am., N.A.*, No. 15-CV-2786-BAS-BGS, 2016 WL 3092194, at *4 (S.D. Cal. June 6, 2016) (finding the fact "that [p]laintiff received two short text messages insufficient to convey standing because the loss of battery life and bandwidth as a result of these two messages was de minimis").

Nonetheless, this Court has found, on at least two separate occasions, *Spokeo* requires a plaintiff to have suffered "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Leyse v. Bank of Am. Nat'l Ass'n*, No. 11-7128, 2016 WL 5928683, at *4 (D.N.J. Oct. 11, 2016) (citations omitted); *see Susinno v. Work Out, Inc.*, No. 3:15-CV-5881, at 21:12-13, 23:19-20 (D.N.J. Aug. 1, 2016) (stating an injury must be both particularized and concrete, meaning "it must affect the plaintiff in a personal and individual way" and "when you look at concreteness . . . it must actually exist").

In *Leyse*, a third party allegedly made a single phone call on behalf of the defendant to the plaintiff's residential phone line. *Leyse*, 2016 WL 5928683, at *1. The plaintiff contended, upon answering the telephone call, he heard a prerecorded message played by the defendant. *Id.* Thus, the plaintiff alleged the defendant's call to the plaintiff's residential phone line violated the TCPA. *Id.* The defendant, however, contended the plaintiff's allegation failed because it lacked both constitutional and statutory standing. *Id.* at *4. This Court disagreed and found "that because the Complaint alleges that Defendant placed a call 'to Leyse's residential telephone' line, he fits

'squarely within the zone of interest' protected by the TCPA." *Id.* Further, the Court found regular users of a phone line being called "undoubtedly has the sort of interest in privacy, peace, and quiet that Congress intended to protect [through the TCPA]." *Id.* In *Susinno*, a case cited by both parties, Judge Sheridan, through an oral opinion, found a "one-minute call" and "a loss of some de-minims battery power over a minute" was not the type of activity the TCPA intended to protect. *Susinno,* No. 3:15-CV-5881, at 23:4-5, 21-24.

This Court finds Plaintiff has not sufficiently alleged an injury-in-fact for purposes of Article III standing. First, Plaintiff has failed to plead any harm beyond a mere statutory violation. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 136 S. Ct. at 1549. Plaintiff asserts the "unsolicited text messages" harmed him and proposed class members "by causing them to incur certain telephone charges for which Plaintiff and the Class members previously paid." (*Id.* at ¶ 33.) He further contends the wireless number Defendant messaged was "assigned to a cellular telephone service for which Plaintiff incurred monthly charges pursuant to 477 U.S.C. § 227(b)(1)." (*Id.* at ¶ 25.) Plaintiff is not asserting he incurred additional charges for the text messages sent by Defendant, but that he has a monthly cellular telephone service plan for which he "previously paid." Allegations asserting he incurred additional charges due to the text messages are missing. Therefore, this allegation is insufficient to satisfy the concrete requirement for an injury-in-fact. Indeed, Judge Sheridan rejected a similar claim stating:

> [t]here was a time when this statute was enacted where parties paid for calls they received, but I don't think that [sic] that's at issue in the complaint. And most of the calling plans of telephone cellphone plans, now you can get unlimited amount of calls that you pay for, and there doesn't seem to be that allegation in the complaint that I could see.

*Susinno,* No. 3:15-CV-5881, at 23:24-24:5.

Plaintiff also alleges he suffered "actual harm, including aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited text messages." (*Id.* at ¶ 2.) This allegation is nothing but a bare conclusory assertion. Plaintiff has failed to demonstrate how three text messages, one which was initiated by Plaintiff when he responded "Help" to the initial text message, are a nuisance or an invasion of his privacy. This, too, is insufficient to surpass the concrete requirement for an injury-in-fact.

Lastly, the TCPA was not enacted to prevent the harm claimed by Plaintiff, under these specific facts. Congress enacted the TCPA "to deal with an increasingly common nuisance-telemarketing" and "to control residential telemarketing practices." *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F. 3d 513, 514 (3d Cir. 1998), *abrogated on other grounds by*, *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012). Under these circumstances, three text messages sent throughout a short period of time and in just one day is not what Congress intended to prevent. Reading and responding to such text messages, and the time it required, could not have caused Plaintiff the annoyance Congress intended to prevent. Because Plaintiff has failed to allege why or how the small number of text messages caused him aggravation or nuisance, this Court cannot and will not infer such harm. While this Court has found in *Leyse* that one call was sufficient for purposes of Article III standing, that call was placed by the defendant to the plaintiff's residence, which holds a greater privacy interest and is exactly what the TCPA was intended to protect. *See Mims*, 565 U.S. at 372 (citations omitted) ("In enacting the TCPA . . . Congress reported, [m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their homes. [A]utomated or prerecorded telephone calls made to private residences, Congress found, were rightly regarded by recipients as an invasion of privacy.") This is not the case here. The text

messages were sent to Plaintiff's wireless cellular telephone, which does not implicate the same privacy concern.

Accordingly, this Court finds Plaintiff has not sufficiently alleged an injury-in-fact for the purpose of Article III standing. Because Plaintiff lacks standing, Defendant's motion to dismiss is **GRANTED without prejudice.**

### IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint **without prejudice**.


**Date: April 26, 2017**                                   */s/ Brian R. Martinotti*
                                                            **HON. BRIAN R. MARTINOTTI**
                                                            **UNITED STATES DISTRICT JUDGE**